Paul LaFayette WAYMAN, Appellant,

v.

Dr. P. J. CICCONE, etc., Appellee.

No. 76–1409.

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 4, 1976.

Decided Aug. 20, 1976.

Paul Wayman, pro se.

David H. Jones, Asst. U. S. Atty., Springfield, Mo., for appellee.

Before GIBSON, Chief Judge, BRIGHT and STEPHENSON, Circuit Judges.

PER CURIAM.

In this habeas corpus action, petitioner-appellant Paul Wayman seeks relief from an adverse decision by the United States Board of Parole on his parole application. His petition specified that the Board's decision denying him parole violated his constitutional right to due process of law in two respects:

1) The Board had denied him parole because it erroneously believed his criminal activity was of a professional nature; and

2) The Board had denied him parole because it impermissibly considered the recommendation of the sentencing judge that petitioner not be paroled unless he showed a marked change in character.

Although petitioner appealed the denial of parole to regional and national administrative bodies, and thereafter sought an administrative reopening of his case, the district court (Judge William H. Becker), relying on a memorandum by Magistrate Dennis Stewart, denied the petition without prejudice on the ground that Wayman had not exhausted available administrative remedies. The authority cited for this disposition consisted principally of unpublished cases from the Western District of Missouri. We do not rely on the exhaustion doctrine in disposing of this appeal.

We find no merit in petitioner's contention that the Board erroneously viewed him as a "professional": the opinion affirming petitioner's conviction indicates that the Government proved that petitioner was "at the very heart" of a complex conspiracy to

defraud. *United States v. Wayman,* 510 F.2d 1020, 1027 (5th Cir.), *cert. denied sub nom. Moore v. United States,* 423 U.S. 846, 96 S.Ct. 84, 46 L.Ed.2d 67 (1975). Thus, the Board did not err in viewing petitioner as something more than a casual offender.

■ Also, the Board did not err in considering a parole recommendation which may have been made by the sentencing judge. Federal regulations specifically enumerate judicial recommendations as "appropriate" information for the Board's consideration. 28 C.F.R. § 2.19(a)(3) (1975).

Because Wayman's petition fails to make out any substantial due process challenge to the denial of his parole application, we affirm the order of the district court dismissing his petition for habeas corpus relief.